### ERRONEOUS CONVICTION OF FALSE SWEARING.

Circuit Court of Summit County.

GEORGIETTA BROWN V. STATE OF OHIO.*

Decided, April 20, 1907.

*Perjury—Bastardy Case Begun by Married Woman—No Jurisdiction.*

One can not be convicted of perjury for false swearing in a bastardy case before a justice of the peace, where the affidavit upon which the justice's jurisdiction depends shows that the complainant is a married woman.

HENRY, J.; WINCH, J., and GIFFEN, J., concur.

Plaintiff in error was convicted of perjury for having borne false witness in a bastardy proceeding before a justice of the peace. The affidavit on which the justice's jurisdiction was founded alleged that 'the complainant was "an unmarried woman in the sense that she has not lived with her husband for five years last past, nor have she and her husband Brown been together in a sense for five years past."

It is urged here, as it was below, that this allegation implies that the complainant was not an unmarried woman; that the justice therefore acquired no jurisdiction in the bastardy proceeding, and that plaintiff in error's false testimony as a witness in the proceeding was not perjury. And the prosecuting attorney very justly admits in his brief that "if the complaint on its face gave the justice no jurisdiction, then whatever the testimony might have been at the hearing, no perjury could have been committed."

Under Revised Statutes of Ohio, Section 5614, proceedings in bastardy can not be maintained on complaint of the mother, when the child in question was born and begotten during lawful wedlock (*Haworth* v. *Gill*, 30 O. S., 627). And regularly the affidavit should allege that the complainant is an unmarried woman (*Edwards* v. *Knight*, 8 Ohio, 375). A judgment against

*Affirmed without opinion, *State* v. *Brown*, 77 Ohio State, 636.

the defendant in such a proceeding has, however, been sustained by the Supreme Court of Ohio, where this allegation was omitted (*Harrell* v. *State, ex rel,* 23 Bull., 149). And various other irregularities in bastardy cases have been held not to be fatal, upon the ground that such proceedings being civil rather than criminal, and their object beneficial and not punitive, the statute and proceedings thereunder should be construed indulgently. *Roth* v. *Jacobs,* 21 O. S., 646; *Hoff* v. *Fisher,* 26 O. S., 7; *Miller* v. *Anderson,* 43 O. S., 473; *Miller* v. *Busick,* 56 O. S., 437; *Cline* v. *Law,* 62 O. S., 649, affirming without report *Law* v. *Albert,* 16 C. C., 159.

· This, however, is the rule only where jurisdiction has once attached either originally or by relation. Justices of the peace have but limited jurisdiction, which is not presumed but must affirmatively appear, and can arise only on compliance with the conditions by law prescribed. And a warrant issued and proceedings had, in any case before a justice, upon an affidavit which, if all true, alleges no offense, are without jurisdiction, unless, indeed, the defect is capable of being supplied by amendment, in such manner as to relate back and cure such want of jurisdiction (*Truesdell* v. *Combs,* 33 O. S., 186). There is no claim in this case that the facts disclosed in the trial of the bastardy proceeding would warrant any curative amendment of the affidavit, unless upon inspection of the affidavit alone the words used therein to qualify the allegation that the complainant was an unmarried woman, may be rejected as surplusage and as not necessarily irreconcilable with the allegation itself. It is urged that complainant's husband may well have been dead, or divorced, or long since disappeared and unheard from, or that their marriage was void, or putative merely. These suggestions are ingenious, but not convincing. The affidavit clearly implies that the complainant was not unmarried, in any proper sense of that term, but that, on the contrary, she had a husband, with whom, however, she had not lived for five years. A fact is thus affirmatively disclosed, in the very instrument on which alone the justice's jurisdiction could be founded, which prevented such jurisdiction from attaching. It follows, therefore, that all the subsequent proceedings in that case were void.

There was no warrant of authority in law forswearing any witness or taking any testimony. The plaintiff in error's oath and false testimony thereunder were without any lawful sanction or significance whatever, and perjury can not be assigned thereon. *Hamm* v. *Wickline*, 26 O. S., 85.

Upon the facts disclosed by the bill of exceptions the conviction was unwarranted by the evidence and is contrary to law. The judgment below is reversed and the cause remanded.